**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| LISA MICHELLE JAMES, | CASE NO. 4:16-cv-00543-GBC |
| Plaintiff, | |
| v. | (MAGISTRATE JUDGE COHN) |
| NANCY A. BERRYHILL,[1]<br>Deputy Commissioner for Operations,<br>performing the duties and functions not<br>reserved to the Commissioner of Social<br>Security, | OPINION AND ORDER TO GRANT<br>PLAINTIFF'S MOTION FOR ATTORNEY<br>FEES |
| Defendant. | |

## OPINION AND ORDER TO GRANT PLAINTIFF'S MOTION FOR ATTORNEY FEES

Before the Court is Plaintiff's Motion for Attorney's Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Doc. 24). In Plaintiff's motion, she seeks approval of an attorney fee award of $4,598.90 pursuant to 28 U.S.C. § 2412.[2]

### I. STANDARD OF REVIEW

The EAJA provides for an award of attorney fees to a prevailing party, other than the United States, in a civil action brought by or against the United States, unless the court finds the position of the United States was substantially justified or special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). However, the EAJA is not an automatic fee shifting statute. See Federal Election Commission v. Rose, 806 F.2d 1081, 1087 (D.C. Cir. 1986). Rather, a party

---

[1] Ms. Berryhill, Deputy Commissioner for Operations, is leading the Social Security Administration, pending the nomination and confirmation of a Commissioner. Pursuant to Federal Rule of Civil Procedure 25(d), Deputy Commissioner for Operations Berryhill should be substituted as the defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of the Social Security Act, 42 U.S.C. § 405(g).

[2] In Plaintiff's reply, she mentions filing a supplemental EAJA application, but to date, one has not been filed with the Court. (See Pl. Reply at 10, Doc 26).

is entitled to fees only if the government was not "substantially justified" in its actions. 28 U.S.C. § 2412(d)(1)(A). As the Supreme Court has recognized, substantially justified means "justified in substance or in the main"; in other words, "justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988).

The substantial justification standard under the EAJA should not be equated with the substantial evidence standard under the Social Security Act, see 42 U.S.C. § 405(g), and fees should not be automatically awarded any time that the Commissioner is unsuccessful on the merits. See Hadden v. Bowen, 851 F.2d 1266, 1269 (10th Cir. 1988). The Tenth Circuit has summarized substantial justification as follows:

> "The test for substantial justification in this circuit is one of reasonableness in law and fact. Thus, the government's position must be justified to a degree that could satisfy a reasonable person ... [and] can be justified even though it is not correct. The government is more likely to meet this standard when the legal principle on which it relied is "unclear or in flux. Martinez v. Sec'y of Health & Human Servs., 815 F.2d 1381, 1383 (10th Cir. 1987).

Evans v. Colvin, 640 F. App'x 731, 733 (10th Cir. 2016) (unpublished).[3] The question of reasonableness in the context of the EAJA is a separate and distinct question from, and reviewed under a lower standard than, the "substantial evidence" standard, which governs review of the merits of disability determinations. See Underwood, 487 U.S. at 568-69; see also 131 Cong. Rec. 4763 (daily ed. June 24, 1985) (statement of Rep. Kindness); H.R. Rep. No. 1418, 96th Cong., 2d Sess. 10-11, reprinted in 1980 U.S. Code Cong. & Ad. News 4989. Stated another way, the Commissioner's position may be substantially justified even if it is not correct and even if a court found that substantial evidence did not support her decision. See Underwood, 487 U.S. at 566 n.2. Moreover, the Supreme Court has explained that "substantially justified" typically does not mean

---

[3] 10th Cir. R. 32.1 provides that "[u]npublished opinions are not precedential but may be cited for their persuasive value."

"justified to a high degree"; rather, the standard is satisfied if there is a "genuine dispute." Underwood, 487 U.S. at 565 (citing Quaker Chair Corp. v. Litton Business Systems, Inc., 71 F.R.D. 527, 535 (S.D. N.Y. 1976) (genuine dispute means "if reasonable people could differ as to the [appropriateness of the contested action]")). A court at the EAJA stage must make a fresh, independent evaluation through an EAJA perspective, and reach a judgment independent from the earlier decision on the merits. See Rose, 806 F.2d at 1087.

In deciding whether the government was substantially justified, the court must examine both the underlying agency conduct as well as the Commissioner's defense of that conduct. See 28 U.S.C. § 2412(d)(2)(D); Comm'r, INS v. Jean, 496 U.S. 154, 161-62 (1990) (explaining that "position of the United States" encompasses agency's pre-litigation and litigation positions). As the Evans Court noted:

> "Position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D). The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." See Hackett v. Barnhart, 475 F.3d 1166, 1174 (10th Cir. 2007). But we have recognized an exception when the government advances a reasonable litigation position that "cure[s] unreasonable agency action." Id. at 1173–74. In the social security context, we have interpreted that exception to include "when the Commissioner reasonably (even if unsuccessfully) argues in litigation that the ALJ's errors were harmless." Groberg v. Astrue, 505 Fed. Appx. 763, 765–66 (10th Cir. 2012).

Evans, 640 F. App'x 731, 733. In accordance with this standard, the Court reviews the Plaintiff's motion.

## II. BACKGROUND AND COMMISSIONER RESPONSE

On March 26, 2018, the Court entered judgment in favor of Plaintiff and remanded the case for further proceedings under Sentence Four of 42 U.S.C. §405(g). Docs. 22, 23. As the Court granted the relief Plaintiff sought in bringing this appeal, Plaintiff became the prevailing party in

this action. <u>Shalala v. Shafer</u>, 509 U.S. 292 (1993) (holding that a plaintiff obtaining a remand pursuant to sentence four of 42 U.S.C. § 405(g) is a prevailing party).[4] The Commissioner opposes Plaintiff's motion, arguing her position was substantially justified. (Comm'r Br. at 1-7, Doc. 25).

### III. ANALYSIS

Commissioner argues her position in the case was substantially justified and the ALJ was correct in finding Plaintiff's mental impairments not "severe" because he noted several providers who found Plaintiff "alert and oriented." (Comm'r Br. at 4). As the Court found in its ruling, noting a plaintiff is "oriented times three" or "oriented to time and place," cannot be substantial evidence to refute the findings of three state agency psychologists. The following is the ALJ's summary of the first state agency consultant, Philip Doty, Ph.D.:

> At her mental consultative examination on May 20, 2013, the claimant … was oriented to time, person, place, and purpose. She made calculation errors on serial 7s and forgot 2 of the 3 recall items. However, her fund of knowledge was average, her associations relevant, her memory and concentration appeared intact, her insight and reality testing were moderate, and her mood was anxious. Based upon this, the diagnosis was mood disorder and anxiety with a GAF of only 48. Dr. Doty concluded her ability to engage in work-related mental activities appeared moderate and her ability to undertake mental tasks appeared unproblematic. Her ability to sustain concentration in a real-world work situation appeared hindered and her ability to socially interact and adapt to the demands of a work situation appeared poor to moderate.

(Tr. 21). Following this summary, the ALJ rejected the GAF score and other findings noting "[i]t is simply not clear to the [ALJ] how such a relatively average presentation translates into such an extreme inability to do work-like activities." (Tr. 22). The ALJ did not cite a report from any other psychologist to contradict the findings of Dr. Doty.

---

[4] Commissioner argues Plaintiff is not a prevailing party until the appeal period has passed. <u>See</u> Comm'r Br. at 9-10 (Doc. 25). The Court finds it unnecessary to decide this issue, as the Commissioner's appeal period ended May 25, 2018, and thus, the argument is moot.

As for the opinions of state agency psychologists Drs. Edith King, PhD, and S.K.T., PhD., the ALJ summarized the opinions of Drs. Edith King and S.K.T. as follows:

> The State agency psychological assessments of Edith King, Ph.D., and S.K.T., Ph.D., are given little weight as they found the claimant to have a severe mental impairment. The [ALJ] does not agree that the claimant has a severe mental impairment. Although she has been diagnosed with depression and anxiety, her actual mental status exams have shown very little in the way of any actual limitation to do work-like activities as a result. It is also of significance in this connection that she appears to exaggerate her symptoms as discussed above. On December 13, 2011, she was oriented to time, place, person, and situation. On March 18, 2013, at her consultative examination, she was alert and oriented times three and her mood was congruent, her affect normal, and her thought process non-tangential. Her mental status exam on September 13, 2012, showed the claimant was alert and oriented times three, had adequate hygiene, her mood was good and affect reactive, her attention and concentration adequate, motor activity was normal, and her judgment and insight were average … Family and Children's Services records contain a great many self-reports of depression and anxiety but the actual mental status exams (which measure her ability to function in some objective way) all show very little in the way of problems. On May 1, 2014, the claimant reported her mood consistently sad and down; her motivation was poor. She also reported anxiety in public and had begun to shop at less crowded times. On the mental status exam, she was alert and oriented times three and well-groomed with adequate hygiene. She had no psychosis, her attention and concentration were average, her motor activity normal, her judgment and insight average, her memory normal, her attention and concentration normal, but her mood was "depressed."

(Tr. 21). Drs. King and S.K.T. found Plaintiff moderately impaired in working at tasks and understanding instructions; able to perform simple work tasks with routine supervision; moderate difficulties sustaining and persisting at tasks on a full-time work schedule (eight hours a day and 40 hours a week); and unable to deal with the general public. (Tr. 58-59, 86-87). The ALJ rejected their opinions due to Plaintiff's exaggeration of symptoms and in other exams, noting she was "oriented to time, place, person, and situation" and "oriented times three." (Tr. 21). As the Court found in its order, credibility judgments are not a proper basis for rejecting a medical opinion. McGoffin v. Barnhart, 288 F.3d 1248, 1252 (10th Cir. 2002) and Sagi v. Colvin, 2016 WL 1267170, at *3 (N.D. Okla. 2016). As McGoffin states:

> In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion." <u>Morales v. Apfel</u>, 225 F.3d 310, 317 (3d Cir. 2000). Although we may not second-guess an ALJ's credibility judgments, such judgment by themselves "do not carry the day and override the medical opinion of a treating physician that is supported by the record." <u>Id.</u> at 318.

<u>McGoffin</u>, 288 F.3d at 1252. Thus, the ALJ needed to cite an alternative medical opinion to refute the state agency psychologists, rather than discounting Plaintiff's credibility. Moreover, citing boilerplate language from medical reports noting Plaintiff was "oriented times three" was insufficient to refute the opinions of two psychologists.

Therefore, the Court finds the Commissioner's position was not substantially justified or reasonable. Moreover, the law was not "unclear or in flux." <u>See</u> <u>Evans v. Colvin</u>, 640 F. App'x 731, 733 (citing <u>Martinez</u>, 815 F.2d at 1383).

## IV. CONCLUSION

The Court hereby GRANTS Plaintiff's Motion for Attorney Fees (Doc. 24) pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. The Court awards attorney's fees of $4,598.90 to Plaintiff, as the prevailing party. The award is in favor of Plaintiff, and against the Defendant, Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412. <u>See</u> <u>Astrue v. Ratliff</u>, 560 U.S. 800 (2010) (holding EAJA fees are to be awarded to the prevailing party and are therefore subject to offset to pay pre-existing governmental debts). The attorney's right to subsequently collect a fee from the EAJA award which the client is ultimately paid is controlled by the contract between the attorney and the client, who may assign the award received to the attorney. <u>Id.</u>

SO ORDERED this 11th day of June, 2018.

**Gerald B. Cohn**
**United States Magistrate Judge**