**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

LISA MICHELLE JAMES,       )
                                     )
             Plaintiff,      )
                                       )
       v.                  )       Case Number 16-CV-543-FHM
                                       )
NANCY A. BERRYHILL, Acting      )
Commissioner, Social Security       )
Administration,                 )
                                       )
             Defendant.     )

**OPINION AND ORDER**

Plaintiff's Counsel's Motion for Attorney Fees under 42 U.S.C. § 406(b), [Dkt. 32], is before the court. The Commissioner has declined to assert a position on the reasonableness of Plaintiff's motion. [Dkt. 33]. Counsel has certified that Plaintiff has been advised of the fee request, and Plaintiff has expressed she does not object to the requested fee award. [Dkt. 34].

On March 26, 2018, the court remanded this case to the Commissioner for further administrative action. [Dkt. 22]. On June 11, 2018, the court granted Plaintiff's counsel's Motion for EAJA fees, [Dkt 24], in the amount of $4,598.90 because the case was reversed, not for legal error, but because the decision was not supported by substantial evidence. [Dkt. 27]. However, on August 1, 2018, the EAJA fees were diverted in total by the Treasury Department to pay for Plaintiff's delinquent school bill. Thus, no EAJA fees have been paid to counsel.

The Notice of Award dated February 6, 2016 indicated that the agency withheld $16,661.63 for payment of 406(b) attorney fees, $6,000.00 of which was paid to counsel for work performed before the agency. [Dkt. 32-2, p. 2]. The amount of $10,661.63

continues to be held by the agency. Plaintiff's counsel seeks attorney fees in the amount of $10,661.63 which is not more than twenty five percent of the past due DIB and SSI benefits Plaintiff was awarded on remand which totaled $66,646.52.

In *McGraw v. Barnhart*, 450 F.3d 493, 496 (10th Cir. 2006), the Court ruled that attorney fees are awardable under 42 U.S.C. § 406(b)(1) when the Social Security Administration awards disability benefits to a claimant following a remand from the federal court. In such a circumstance the authority of Fed. R. Civ. P. 60(b)(6) is employed to allow counsel to seek fees under § 406(b)(1) long after the usual fourteen days allotted by Fed. R. Civ. P. 54((d)(2)(B)(I) for filing a motion for attorney fees has expired. *McGraw*, 450 F.3d at 505. On December 16, 2015 the court granted counsel's motion to extend the date for filing the motion for fees under § 406(b) until 60 days after the Notice of Award was issued. [Dkt. 44]. The motion for fees is timely filed.

42 U.S.C. § 406(b)(1)(A) provides that a court may award "a reasonable fee . . . not in excess of 25 percent of the . . . past due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the [the] past-due benefits." Section 406(b)(1)(A) does not replace contingency fee agreements between Social Security claimants and their counsel. Instead, that section requires the district court to review contingency fee agreements as an "independent check" to assure that the agreement yields a reasonable result. *Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 122 S.Ct. 1817, 1828, 152 L.Ed.2d 996 (2002). Section 406(b) provides a boundary that agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. *Id.*

The court concludes that the requested fee award of $10,661.63 which is less than

2

25% of the amount of back benefits Plaintiff will receive is reasonable. That award comports with the contract between counsel and Plaintiff and is within the statutory limits of §406(b). The fee yields an hourly rate of approximately $491.32 per hour for 21.7 hours of work performed before the district court, which does not amount to a windfall. Often a fee recovery in a percentage-based contingency fee contract will be higher than the fee produced by a straight hourly rate agreement. That circumstance serves to induce attorneys to risk providing legal services in cases where they may not be paid. Because Counsel's previously awarded EAJA fees were diverted by the Treasury Department, there are no EAJA fees to be returned to Plaintiff in accordance with *Weakley v. Brown,* 803 F.2d 575, 580 (10th Cir. 1986).

Plaintiff's Counsel's Motion for Attorney Fees Under 42 U.S.C. § 406(b), [Dkt. 32], is GRANTED.

SO ORDERED this 25th day of April, 2019.


FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE